JUSTICE RICE,
dissenting.
¶43 I agree with the Court’s determination that “Jentile’s assertion of the officer’s negligence was sufficient to apprise the [Municipal] court of his defense against the City’s claimed loss for vehicle damage.” Opinion, ¶ 34. Indeed, Jentile’s assertion that officer negligence caused the accident and the associated vehicle damage was the central focus of the restitution proceeding. My disagreement lies with the Court’s conclusion that the Municipal Court made a “hasty determination” that failed to “examineG Jentile’s arguments in light of Montana’s statutes and case law regarding emergency responders.” Opinion, ¶ 24. I believe the record demonstrates that the Municipal Court carefully considered Montana law and Jentile’s arguments. After conducting its review and hearing the evidence, the Municipal Court found that Jentile failed to stop in response to police direction, led police on a high speed chase through a residential neighborhood when officers believed Jentile was a risk to public safety, and then “elected to make an abrupt stop with no prior warning.” The Municipal Court determined that “police acted reasonably with respect to their measured response to an unknown and perilous situation,” and that the vehicle collision was the “direct consequence of Jentile’s erratic unlawful driving that required defensive, reactive, emergency maneuvering by police.” The court found that the entire pursuit “was an unbroken course of events that was caused by Jentile’s unlawful conduct.” The Municipal Court noted Jentile’s “civil law defenses,” but concluded that none of them relieved *104 his responsibility for the “full measure” of the damages. Reviewing the matter on appeal, the District Court held that “the Municipal Court correctly concluded... that the cause of the City’s claimed damages was Defendant’s fleeing from a legal traffic stop, not officer negligence.” I believe the Court is remanding for work that has already been done by the Municipal Court and the District Court. I would affirm.
¶44 The method and extent of the Municipal Court’s consideration of these issues is demonstrated by a close review of the record. Prior to the restitution hearing, Jentile moved to “dismiss the Restitution amount,” asserting that the accident “was a direct result of the officer[’]s negligence.” He argued that the officers followed too closely and drove in a manner unsafe under the wet road conditions, and noted that he was entitled to raise “defenses that could be raised in a civil action.” In his response brief, the prosecutor set forth an analysis that virtually mirrors the analysis the Court provides in ¶¶ 25-26 of the Opinion. He quoted the entirety of § 61-8-107, MCA, governing the duties of police vehicles and authorized emergency vehicles when in pursuit. He quoted, as the Court does, from Stenberg that “[t]he driver of an authorized emergency vehicle is charged with a duty of care under the circumstances.” The prosecutor explained that “[t]he issues before the Court at this stage of the sentencing hearing are whether there is a causal relation between Jentile’s criminal conduct and the loss and the amount of said loss,” including “whether WPD[1] was contributorily negligent, and whether such negligence was an intervening superceding act causing the collision” (emphasis added). He concluded by arguing that the officer “did not breach [h]is duty to operate his vehicle with due regard of the safety of others” and that “but for Jentile[’s] criminal behavior and the circumstances created thereby, a pursuit and eventual collision between the pursuit vehicle[s] would not have occurred.”
¶45 At the beginning of the restitution hearing, the Municipal Court gave the parties an opportunity to orally outline their legal positions prior to the taking of evidence. The Municipal Court noted that the prosecutor bore “the initial burden” and thus invited him to begin. The prosecutor did so, as follows:
[Prosecutor]: According to case law the State, or the City here, will need to have proven a causal relation between the offender’s criminal conduct and the loss. Your Honor, as set forth in our *105 briefs, I would first like to point out that the defendant’s negligence per se, defense/counter claim is misplaced.... As set forth in the brief Your Honor, I point your attention to Ray versus Green, which is a Colorado case-Judge: Which page number?
[Prosecutor]: Page seven Your Honor.
Judge: I’ve read all the briefs, but for ease of reference from both the court and also for the defendant, now referring to the prosecutor’s Response to Jentiles’Motion on Restitution Hearing, page seven, please continue. [Emphasis added.][2]
¶46 During defense counsel’s opening statement, the prosecutor twice objected to defense counsel’s characterization of the negligence issue, but the Municipal Court overruled the prosecutor’s objection both times and permitted defense counsel to fully argue the issue as she pleased. The video of the pursuit and crash was then played, followed by testimony by Officer Zebro for the City and by Jentile for the defense. Counsel then gave closing arguments in which they again asserted that the other party had acted negligently and caused the accident.
¶47 The Municipal Court then issued its order imposing restitution. It summarized the legal authorities that had been provided by the parties:
Extensive briefs were submitted to the Court in advance that contained a recital of law, supporting cases, legal contentions, and factual statements with arguments. The Judge read all submitted documents in advance of the hearing.... During the course of the hearing and by submitted briefs the Court received many cites to legal authority to include Montana statutory law, Montana and other states’ case law, various contentions about causation, foreseeability, attenuation, intervening superseding acts, causal relation, the “But-For” test, legal liability based upon tort claims, civil law defenses, extenuating facts and circumstances, diminished mental capacity or temporary mental disabilities both in fact and in law, and the possibility of Federal law preclusions on monetary recovery for judgments/sentences from certain Federal payments (VA disability and SSI benefits).
*106 Applying these authorities to the evidence presented at the hearing, the Municipal Court determined that Jentile had “created a dangerous situation,” that the accident was “a direct consequence of Jentile’s erratic unlawful driving,” that the officers had acted reasonably and in a “controlled way,” and that “there was no affirmative defense pleaded and supported by defendant’s counsel under the facts established at hearing that would bar the imposition of a full measure of restitution. ...” (emphasis added). In other words, the Municipal Court determined that Jentile was 100% responsible for the accident, despite his assertions of officer negligence.
¶48 I would conclude that the Municipal Court’s determinations are supported by substantial evidence presented at the hearing. While not using the phrase “comparative negligence,” the Municipal Court clearly considered and compared the respective negligence of the parties and determined that the police had acted properly, while Jentile was entirely responsible for the accident and for a “full measure” of the damages. The Municipal Court gave long and careful consideration to these issues. I would affirm the District Court’s conclusion that “the Municipal Court correctly concluded ... that the cause of the City’s claimed damages was Defendant’s fleeing from a legal traffic stop, not officer negligence.”
¶49 In response to this Dissent, the Court changes the issue. In ¶ 34 of the Opinion, the Court states its initial conclusion that “at the very least the [Municipal] judge should have compared Officer Zebro’s negligence with that of Jentile’s negligence, if any.” Now that this Dissent has established from the record that the Municipal Court indeed compared the negligence of both parties, the Court changes horses in the middle of the stream and proceeds to disagree with the factual determinations that the Municipal Court entered about the negligence of the parties-a completely different issue. See Opinion, ¶ 36. The Court’s disagreement with the Municipal Court’s factual findings that Jentile was 100% responsible for the accident essentially directs a “verdict” in favor of Jentile. Having already determined that the Municipal Court’s factual findings are erroneous, the Court has rendered a remand unnecessary except for entry of a new judgment.

 WPD refers to Whitefish Police Department.

 I would note that the original set of briefs filed before the Municipal Court by the parties are blanketed with highlighting and handwritten notes from start to finish. Someone indeed gave them a close review, and I presume it was the Municipal Court Judge.